# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | Case No. 1:17-cv-01216-DAD-SKO |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING CASE** |
| MAIREAD O'KEEFE, MOLLY O'NEAL, and SCC PUBLIC DEFENDERS OFFICE, SANTA CLARA COUNTY, | |
| Defendants. | |

On September 12, 2017, Plaintiff David Bennett, proceeding pro se, filed a complaint against Defendants Mairead O'Keefe, Molly O'Neal, and SCC Public Defenders Office, Santa Clara County, along with an application to proceed *in forma pauperis.* (Docs. 1 & 2.) The complaint purports to allege claims pursuant to 42 U.S.C. § 1983 for ineffective assistance of counsel in violation of the Sixth Amendment, apparently arising from an underlying criminal conviction in Santa Clara County. (*See* Doc. 1 at 3, 28–40.) Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.

It appears that the defendants in this case are located outside the geographical boundaries of this district and the events related to a judicial proceeding in Santa Clara County are also outside the geographical boundaries of this district. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim apparently arose in Santa Clara County, which is in the Northern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Northern District of California.[1]

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: **September 13, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff appears to acknowledge as much, as his handwritten complaint bears the heading "UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA." (*See* Doc. 1 at 28.)